**DISTRICT 2, MARINE ENGINEERS BENEFICIAL ASSOCIATION, AFL-CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

**Mississippi Valley Barge Line Company, Intervenor.**

**No. 19317.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 21, 1965.

Decided Nov. 18, 1965.

Mr. David Scribner, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Lee Pressman, New York City, was on the brief, for petitioner.

Mr. Warren M. Laddon, Atty., National Labor Relations Board, with whom Messrs. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Mrs. Nancy M. Sherman, Atty., National Labor Relations Board, were on the brief, for respondent.

Mr. Milton O. Talent, St. Louis, Mo., with whom Mr. Gerard D. Reilly, Washington, D. C., was on the brief, for intervenor. Mr. Lawrence T. Zimmerman, Washington, D. C., also entered an appearance for intervenor.

Before WILBUR K. MILLER, Senior Circuit Judge, DANAHER and BURGER, Circuit Judges.

PER CURIAM:

Pursuant to charges filed by the petitioner, the General Counsel of the respondent issued a complaint charging Mississippi Valley Barge Line Co. had violated Sections 8(a) (1), (2) and (3) of the National Labor Relations Act, as amended,[1] by discharging and threatening certain chief engineers and assistant engineers. After a hearing, the trial examiner found the assistant engineers were employees subject to the Act and

1. 29 U.S.C. § 151 et seq.

that, with respect to them, the Company had violated the enumerated sections. The Board reversed and dismissed the complaint, holding both chief and assistant engineers were supervisors within the meaning of Section 2(11) of the Act and, therefore, were not employees as defined in Section 2(3).

It is agreed by the parties, and we concur, that if the Board correctly concluded the chief and assistant engineers were supervisors and not employees within the meaning of the Act, its action must be upheld. We hold there is substantial evidence in the record, considered as a whole, to support the Board's findings.

Affirmed.